

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1466-11

**JONATHAN JACOBSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### FROM LUBBOCK COUNTY

*Womack, J., filed a dissenting opinion in which Keller, P.J., and Keasler, J., joined.*

In this case we have been asked to determine whether *Leday v. State*'s[1] exceptions to *De Garmo v. State*[2] should be extended to a broader class of guilt-phase errors. The Court says that they should be extended to all errors. As the author of the *Leday* opinion, I respectfully disagree.

---

[1] 983 S.W.2d 713 (Tex. Cr. App. 1998).

[2] 691 S.W.2d 657 (Tex. Cr. App. 1985).

I agree with learned commentators that the application of the *De Garmo* doctrine should consider the values that underlie the law that the trial court failed to follow.

> As *Leday* suggested, the crux of the … issue is the extent to which reliable assurance that the convicted defendant is guilty justifies barring that defendant from raising claims of error in the guilt-innocence determination. *Leday* relied heavily upon the conclusion that claims of error often enough invoked values other than trial accuracy to require a conclusion that such admissions never justify preclusion of this sort. This conclusion is questionable. *Leday* never carefully identified what values are served by appellate review of various claims of error or explained how preclusion of such review would affect the law's ability to pursue these values.
>
> The rule barring use of a reliable but involuntary confession is, as *Leday* indicated, a rule that serves objectives other than the accuracy of the outcome of the trial. Would barring defendants who admit guilt at punishment from seeking relief from use of such confessions at the guilt trials impair the ability of the law to implement those values? If all that is at issue is the need to discourage judges from erroneously admitting such confessions, perhaps barring guilty appellants from obtaining review would not impair the deterrent effect of appellate review in general. But perhaps a guilty defendant whose guilt trial was tainted by the use of such a confession is entitled to personal relief in order to implement these other values.
>
> Despite its extensive discussion, *Leday* arguably failed to come to grips with the real issue underlying the *DeGarmo* [*sic*] Doctrine.[3]

Today the Court not only omits such a thoughtful consideration, but delivers *dicta* that seek to foreclose even the possibility of undertaking such consideration in the future. We should welcome the possibility of building on *Leday*.

As for this case, I agree with the Court of Appeals that the prosecutor's argument to the jury is not in the class of errors to which *Leday* applies. It is not included in *Leday's* list of violations, and the appellant has not argued any due-process concerns or fundamental individual rights that should override the truth-finding function of the trial. That the State criticized defense

---

[3] George E. Dix & John M. Schmolesky, 43A *Texas Practice — Criminal Practice and Procedure* § 53.163 (3d ed. 2011).

counsel's argument as one that was twisting and turning and filling in the holes to make it work was not a constitutional violation that put the appellant in the "cruel trilemma" which we addressed in *Leday*.[4] I would hold that the courts below did not err in finding that the appellant's complaint was forfeited.

Filed February 6, 2013.
Publish.

---

[4] *Leday*, 983 S.W.2d, at 723.